UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD BUXO, | ) | CASE NO.  1:10cv2015 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is *pro se* petitioner Richard Buxo's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Mr. Buxo names the United States of America and the United States Attorney General as respondents. Petitioner is presently incarcerated at the North Coast Correctional Institution in Grafton, Ohio. He asserts the projected release date designated for his federal sentence is incorrect. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED**.

## BACKGROUND

Mr. Buxo was charged with five counts in an indictment filed in this Court in 2009. *United States of America v. Benitez et al,* No. 1:09-cr-00363 (N.D. Ohio, filed Aug. 12, 2009). At time the indictment was filed, Petitioner was in custody serving a sentence imposed by the State of Ohio. *See Ohio v. Buxo*, No. CR499677 (Cuy. Ct. Comm. Pls 2009).

On August 13, 2009, Mr. Buxo was transported from state prison, via writ of habeas corpus *ad pro sequendum*, to appear in this Court for his arraignment. He later pled guilty to conspiracy to possess with intent to distribute heroin, cocaine and cocaine base in

violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(A) and 846. This Court imposed his sentence of 17 months on January 5, 2010, and ordered it to run concurrent with petitioner's unexpired state sentence. The Judgment and Commitment ("J&C") recommended, in part, that the Bureau of Prisons ("BOP") place Mr. Buxo at North Coast to serve his federal sentence since he was already serving his state sentence at that facility. The J&C included the notation that, for "purposes of determining credit for time served," Mr. Buxo was taken into federal custody on August 13, 2009.

Upon remand to the U.S. Marshal, the BOP designated North Coast as the facility where Mr. Buxo would serve his concurrent federal sentence. A copy of petitioner's March 1, 2010 "Inmate Data" sheet, generated by the BOP's Northeast Regional Office, reveals a statutory release date of March 22, 2011, on his federal sentence. Petitioner challenges this date as "erroneous," based on the J&C issued by this Court. He wrote to the Ohio Department of Rehabilitation and Correction ("ODRC") asking for jail credit.[1] The ODRC's Bureau of Computation representative, B. Vest, responded in a letter dated March 22, 2010. Mr. Vest first addressed petitioner's state imposed sentence when he explained: "your 2 year sentence is not mandatory and currently you have been given 33 days jail time credit." (Pet.'s Ex. C.) He further advised petitioner to write a letter to his sentencing judge if he sought additional jail credit. Mr. Vest concluded the letter stating Mr. Buxo's sentence computation and release date were reviewed by the division and "certified as 3-24-2011." (Pet.'s Ex. C).

---

[1] There is no copy of petitioner's letter to the ODRC attached to the petition. Therefore, it is not clear whether Mr. Buxo was requesting credit against his state or federal sentence. In the ODRC's Bureau of Sentence Computation response, "B. Vest" only refers to petitioner's "correspondence regarding your sentence computation." (Letter from ODRC to Buxo of 3/22/10).

Petitioner wrote a letter to this Court, construed as a motion to grant five months jail time credit. The motion was denied by Order dated June 23, 2009. It was explained to Mr. Buxo that the BOP had the delegated authority to calculate credit against a prisoner's sentence for time served. Moreover, if petitioner sought to challenge the computation of his federal sentence, he needed to first exhaust his administrative remedies. The Court further advised petitioner to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if he were unsuccessful in his efforts through the BOP's administrative process.

### INITIAL REVIEW

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520 2002, WL 31388736, at *1 (6th Cir. Oct. 22, 2002). At this stage, allegations in the petition are taken as true and liberally construed in petitioner's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Because Mr. Buxo is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Even considering all of these factors, Mr. Buxo is not entitled to an award of the writ. *See* 28 U.S.C. § 2243 ("judge […] shall forthwith award the writ […], unless it appears […] person detained is not entitled thereto.")

### Petition for Writ "In Custody"

A district court shall direct a writ of habeas corpus "to the person having custody of the person detained." 28 U.S.C. § 2243; *see Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Therefore, a court has jurisdiction over a habeas corpus petition only if it has

personal jurisdiction over the petitioner's custodian. *Id*. at 495. For prisoners, it is the warden of the facility in which they are held who is the proper custodian. *See Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained). This is known as the "immediate custodian rule" because it recognizes only the petitioner's "immediate" or "direct" custodian as the "person having custody" over him under § 2243. Courts have deemed these immediate custodians proper respondents to habeas corpus petitions as a "practical" matter "based on common sense administration of justice." *Sanders v. Bennett*, 148 F.2d 19, 20 (D.C. Cir. 1945).

Petitioner is a federal prisoner serving a sentence imposed by this Court to run concurrently with a sentence imposed by the State of Ohio. In order for petitioner's federal sentence to run concurrently with the state sentence, the BOP designated the North Coast state facility, where petitioner was already serving his state sentence, as the facility where he would begin service of his federal sentence. Because the proper forum to challenge the execution of a sentence is the district where a prisoner is confined, *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir.1984), the warden at North Coast is the proper custodian and respondent in this action. Moreover, because North Coast is located within the jurisdictional reach of this Court, it has personal jurisdiction over the warden at North Coast and venue is proper. *See Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989) (challenge to execution of sentence by U.S. Attorney General must name warden of the state penitentiary where prisoner is confined as respondent and file in district court whose territorial limits include his place of confinement). Even though petitioner is challenging the execution of his sentence by the BOP, his failure to

name the warden as respondent is not fatal. The matter is, however, otherwise subject to summary dismissal for the reasons outlined in this Memorandum.

**Failure to Exhaust Administrative Remedies**

Exhaustion of administrative remedies is required prior to challenging the computation of a sentence and the application of jail time credit. *See Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *see also United States v. Wilson*, 503 U.S. 329, 335 (1992) (prisoner can seek judicial review of sentence computation after exhausting administrative remedies).

The Bureau of Prisons has a three-part administrative remedy program designed to address a federal inmate's concerns regarding any aspect of his or her confinement. 28 C.F.R. § 542.10. This procedure is found in Program Statement 1330.13, Administrative Remedy Program, and is also codified in 28 C.F.R. § 542. The program is designed to allow inmates to voice their grievances and provides an opportunity to resolve issues in-house prior to an inmate seeking judicial relief.

Under the program, an inmate must first attempt informal resolution of the complaint. If unsuccessful, the inmate must then raise his or her complaint to the warden of the institution where he or she is confined. 28 C.F.R. § 542.13. The inmate may then appeal the warden's response to the Regional Director and then again to the General Counsel of the Bureau of Prisons if dissatisfied with the Regional Director's response. 28 C.F.R. § 542.15. Once an inmate has received a final response from the General Counsel, exhaustion of administrative remedies is complete.

There is no indication Mr. Buxo pursued any administrative remedies through the BOP regarding the calculation of his sentence. It appears the petitioner's attempts to resolve this issue prior to filing his present petition did not include any notice to the BOP. Thus, he has not exhausted his administrative remedies as required prior to filing his petition in federal court. While it is appropriate for this Court to dismiss the petition based on this reason alone, the Court will also proceed to the merits of the case.

**Credit Against Petitioner's Federal Sentence**

Petitioner claims his scheduled release date from his federal sentence should be in January 2011. He asserts this Court's J&C ordered his sentence to commence on August 13, 2009. Based on this belief, Mr. Buxo complains the BOP data sheet is incorrect because it reflects a scheduled release date of March 2, 2011, on his 17 month sentence.

"If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign." *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *Id.* Issuance of a writ of habeas corpus *ad prosequendum* does not change a defendant's custody status. *Id.* Therefore, petitioner's removal from the state by federal writ did not relinquish primary custody of the state. *Munz v. Michael*, 28 F.3d 795, 798 (8th Cir. 1994) (writ of habeas corpus *ad prosequendum* does not alter prisoner's custody status, but merely changes location of custody). The only function of such a writ is to cause the removal of a prisoner to the proper jurisdiction for prosecution. 28 U.S.C. § 2241(c)(5); *United States*

*v. Boyes*, 305 F.2d 160, 161 (6th Cir. 1962). A writ of habeas corpus *ad prosequendum* is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *See Gipson v. Young*, No. 85-5158, 1986 WL 16497, at *2 (6th Cir. Feb. 6, 1986).

A review of the petition and attachments reveal the BOP awarded Mr. Buxo credit from April 20, 2009 through April 27, 2009, on his federal sentence. The ODRC Offender Search site shows petitioner was admitted to North Coast on April 28, 2009, to begin service of his 2 year state sentence. *See* www.drc.state.oh.us/OffenderSearch. The BOP did not, however, find petitioner was entitled to credit on his federal sentence for period of time he was held via federal writ. Instead, the BOP commenced his sentence on the date it was imposed.

### Sentence Commencement

As a threshold matter, the Court must clarify Mr. Buxo's custodial status during the period of time in which he is seeking credit on his federal sentence. *See United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991) (holding that "official detention" in 18 U.S.C. § 3585--the successor statute to section 3568--means "physical incarceration"). This requires an explanation of when a prison sentence actually "commences."

It is a legal axiom that the state from which a prisoner is transported retains primary jurisdiction over that prisoner as long as the prisoner is serving an unexpired state sentence. *See Thomas v. Brewer*, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (producing state prisoner under writ of habeas corpus *ad prosequendum* does not relinquish state custody); *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and

sentenced in federal court via writ of habeas corpus *ad prosequendum* did not begin to serve consecutive federal sentence until delivered into federal custody). Federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. *Thomas v. Whalen*, 962 F.2d 358, 361 n.3 (4th Cir. 1992); *Hernandez v. United States Attorney General*, 689 F.2d 915, 918-19 (10th Cir. 1982); *Roche v. Sizer*, 675 F.2d 507, 509-10 (2d Cir. 1982).

At the time Mr. Buxo was removed from state prison to appear before this Court via writ of habeas corpus *ad prosequendum*, he was still in state custody. Therefore, because "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served," 18 U.S.C. § 3585, Mr. Buxo's sentence could not have "commenced" at that time. Further, he was clearly not received into exclusive federal custody while his state sentence remained unexpired. *See Coleman v. United States*, No. 94-5127, 1994 WL 573917 (6th Cir. Oct. 17, 1994) (where neither state nor federal court specified intent that sentences run concurrently, no entitlement to credit for time spent in state custody). However, because this Court specified that petitioner's federal sentence was to run concurrently to his state sentence, the computation of Mr. Buxo's federal sentence would run from the date the Court imposed the sentence, not the date his state sentence expires.

Petitioner's argument fails simply because he is incorrect in his assertion that he received no credit for the period of time in question. He did receive credit from August 13, 2009, until his federal sentence was imposed on January 5, 2010. That credit was applied to

his state sentence. There is nothing in the record that indicates Mr. Buxo's state sentence was suspended from August 13, 2009 until January 5, 2010, while federal authorities borrowed him from the State. Thus, his assertion that he received no credit for that time served is incorrect.

Since it has been established that the petitioner received credit against his state sentence, the next step is to determine if he may also receive credit against his federal sentence for that time period.

### **18 U.S.C. § 3585**

Prior custody credit is governed by 18 U.S.C. § 3585(b), which states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). Because petitioner received credit toward his state sentence while he was awaiting federal sentencing, he may not receive credit for this time toward his federal sentence. *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993). If petitioner were credited for this time against his federal sentence, he would receive improper double credit. *See* 18 U.S.C. § 3585(b). The BOP's computation of his sentence to commence on the date the federal sentence was imposed is the fullest expression of the Court's authority to run the sentences concurrently.

Petitioner also claims this Court intended he receive credit for the period of

time he was out on the federal writ from the State of Ohio, which was from August 13, 2009 until January 5, 2010. Petitioner has misinterpreted the J&C. This Court stated petitioner was in federal custody on August 13, 2009, for purposes of determining credit for time served. That purpose has been satisfied, but against his state sentence. As the record clarifies, petitioner was not in exclusive federal custody at that time. He has, however, been credited for "time served" on his state sentence for that period.

### CONCLUSION

For the foregoing reasons, petitioner's Motion to Proceed *in forma pauperis* is **GRANTED** (Doc. No. 2), and this action is **DISMISSED** pursuant to 28 U.S.C. § 2243.[2] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

Dated: November 23, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2] The statute provides, in relevant part:

\* \* \*

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ . . . , *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."